# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| BAE Systems Land & Armaments, L.P., | Case No. 14-cv-3111 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Ibis Tek, LLC, | |
| Defendant. | |

Jeff H. Eckland and Mark J. Blando, Eckland & Blando LLP, 800 Lumber Exchange, 10 South Fifth St., Minneapolis, MN 55402; Barbara A. Duncombe and Suzanne Sumner, Taft Stettinius & Hollister LLP, 40 North Main St., Ste. 1700, Dayton, OH 45423; William Charles Wagner, Taft Stettinius & Hollister LLP, One Indiana Square, Ste. 3500, Indianapolis, IN 46204, for Plaintiff.

John G. Horan, Dentons US, 1900 K St. NW, Washington, DC 20006; Dara D. Mann, McKenna Long & Aldridge LLP, 303 Peachtree St. NE, Ste. 5300, Atlanta, GA 30308; Sonia L. Miller-Van Oort, Sapientia Law Group, 120 South Sixth St., Ste. 100, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff BAE Systems' Brief Regarding Remaining Issues ("BAE's Brief") [Doc. No. 85] and Defendant Ibis Tek's Brief on Remaining Issues ("Ibis' Brief") [Doc. No. 86]. The Court addresses the issues raised by the parties below.

## I.      BACKGROUND

The facts and procedural history of this case are extensively set forth in the Court's prior orders. Only the facts and history relevant to the present matter are recounted here.

Plaintiff BAE Systems Land & Armaments, L.P. ("BAE") filed suit against Defendant Ibis Tek, LLC ("Ibis") asserting claims for breach of contract and declaratory judgment. (See Second Am. Compl. [Doc. No. 65].) In general, BAE's claims relate to a subcontract between it and Ibis, related to a larger contract between BAE and the United States Army ("Army"), which BAE claims entitles it to indemnification and reimbursement for funds the Army recouped because of Ibis' defective cost and pricing data. (See id.)

This Court granted in part BAE's motion for summary judgment on its declaratory judgment claim and found BAE was entitled to immediate indemnification from Ibis in the amount of $2,740,910.27—representing the amount the government had recouped from BAE—and any other expenses it incurred defending against the government's defective pricing determination or sponsoring Ibis' challenges to that determination. (See Order dated June 14, 2016 ("June 14 Order") at 23 [Doc. No. 84].) The Court noted that BAE did not move for summary judgment on its breach of contract claim, but that the ruling on its declaratory judgment claim appeared to resolve the dispute between the parties. (Id.) The parties were instructed to file briefing addressing whether any issues remained for the Court to resolve. (Id. at 23–24.)

BAE responded by informing the Court that despite the Court's ruling, Ibis continued to refuse to reimburse BAE the recouped amount. (BAE's Brief at ¶ 3.) As a result, BAE requests that the Court issue a money judgment so that BAE may commence collection efforts against Ibis. (<u>Id.</u> at ¶ 4.) BAE also asks that the Court award it prejudgment interest on the recouped amount according to Minnesota Statute § 549.09, subd. 1(b). (<u>Id.</u> at ¶ 5.) Assuming the Court issues the requested money judgment, BAE does not oppose dismissing its remaining breach of contract claim without prejudice. (<u>Id.</u> at ¶ 6.)

Ibis responds by raising three issues. (<u>See</u> Ibis' Brief at 2–3.) First, Ibis states that it intends to "request that the Court amend its Opinion and Order to require that [BAE] repay [Ibis] for any amount paid by the government to [BAE] as a result of the Appeal before the Armed Services Board of Contract Appeals." (<u>Id.</u> at 2.) Second, it argues that the Court erred by including certain amounts in Ibis' indemnity obligations. (<u>Id.</u> at 2–3.) Third, Ibis contends that the Court erred by allowing BAE to claim its attorneys' fees associated with sponsoring Ibis' challenge to the government's defective pricing determination. (<u>Id.</u> at 3.) Ibis plans to raise these challenges through a yet-to-be-filed "Motion for Reconsideration under Federal Rule of Civil Procedure 54 (b) [sic] or to Amend Judgment under Federal Rule of Civil Procedure 59(e)." (<u>Id.</u> at 2.) Finally, Ibis requests the opportunity to brief BAE's request for a monetary award on its declaratory judgment claim and its request for prejudgment interest. (<u>Id.</u> at 3.)

## II.   DISCUSSION

### A.  BAE's Request for a Money Judgment

"Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. District courts have broad authority "to craft damages awards in declaratory judgment actions to effectuate their judgment." BancInsure, Inc. v. BNC Nat. Bank, N.A., 263 F.3d 766, 772 (8th Cir. 2001). That authority includes the issuance of a judgment for monetary damages. See Noatex Corp. v. King Const. of Houston, L.L.C., 732 F.3d 479, 487 (5th Cir. 2013); Illinois Physicians Union v. Miller, 675 F.2d 151, 158 (7th Cir. 1982) ("It is well-settled that the district court may grant monetary relief in declaratory judgment proceedings, even without a specific request.").

Given Ibis' continued refusal to reimburse BAE pursuant to its indemnification obligations as set forth in the June 14 Order, a judgment granting BAE a monetary award appears necessary. However, Ibis is entitled to be heard on the issue of whether such a monetary judgment is warranted. See 28 U.S.C. § 2202. Ibis will have the opportunity to brief this issue, as described below.

**B. BAE's Request for Prejudgment Interest**

In Minnesota, the prevailing party is entitled to the prejudgment interest on the amount it is awarded.[1] See Minn. Stat. § 549.09, subd. 1(a). For a judgment or award

---

[1] The subcontract between Ibis and BAE states that it is governed by federal contracting law, but if there is no federal law on a particular issue, then Minnesota law applies. (June 14 Order at 8.) BAE requested prejudgment interest pursuant to a Minnesota statute, implying there is no controlling federal contracting law. (See BAE's Brief at ¶ 5.) As described below, the parties will have the opportunity to brief this issue.

over $50,000, the annual prejudgment interest rate is ten percent.[2]  Minn. Stat. § 549.09

subds. 1(b) and 1(c)(2).

BAE argues it is entitled to prejudgment interest, according to Minn. Stat. §

549.09, subd. 1(b), on any monetary judgment it is awarded for Ibis' outstanding

indemnity obligation (i.e., $2,740,910.27).  (See BAE's Brief at ¶¶ 4–5.)  BAE contends

that this prejudgment interest should be calculated as "simple interest (not compound) at

the Secretary of Treasury rate from the filing of the complaint (August 6, 2014) to the

date of the final judgment."  (Id. at ¶ 5.)  However, BAE does not state exactly what

amount of prejudgment interest is due, or offer any specifics about how that amount

should be calculated.

Assuming the Court issues a monetary judgment in BAE's favor, BAE is likely

due prejudgment interest on that award.  However, numerous questions remain about how

that amount should be calculated.  The parties must brief these issues before the Court

can award any prejudgment interest.

### C.  Issues Raised By Ibis

The remaining issues identified by Ibis suffer from numerous problems.  First,

these issues are premised on motions Ibis has yet to file, and thus they are not properly

before the Court.  (See Ibis' Brief at 2.)  Second, even if Ibis were to file the motions it

proposes, they would be improper under the Federal Rules of Civil Procedure it cites.

---

[2] Minnesota's statutory scheme for prejudgment interest controls "[e]xcept as otherwise provided by contract or allowed by law . . . ."  Minn. Stat. § 549.09, subd. 1(b).  BAE's request for prejudgment interest according to this statute suggests no contract provision or other law controls.  (See BAE's Brief at ¶ 5.)  As described below, the parties will have the opportunity to brief this issue.

Rule 54(b) allows a court to direct entry of a final judgment on one or more, but fewer than all, of a party's claims under certain circumstances.  Fed. R. Civ. P. 54(b).  It does not allow a party to file a motion for reconsideration.  See id.  Rule 59(e) allows a party to move a court to alter or amend a judgment within a certain timeframe after the judgment is entered.  Fed. R. Civ. P. 59(e).  Here, no judgment has been entered and thus Rule 59(e) is inapplicable.  The Local Rules allow a party to file a motion to reconsider an order, but only after obtaining the court's permission to do so.  D. Minn. L.R. 7.1(j).  Ibis has not sought the Court's permission to file a motion to reconsider.  The Court will address the issues Ibis raised if and when Ibis properly moves this Court to do so.[3]

---

[3] For the sake of efficiency in disposing of the parties' dispute, but without deciding, the Court offers the following observations about the substance of the issues raised in Ibis' Brief:

First, Ibis argues that BAE should be required to "repay [Ibis] for any amount paid by the government to [BAE]" if Ibis prevails on its appeal of the government's defective pricing determination.  (See Ibis' Brief at 2.)  As previously discussed, it was BAE who first acknowledged that in the event the government returned any of the recouped amounts to it, BAE would be obligated to return that amount to Ibis.  (June 14 Order at 21, n.13.)  The Court agrees with BAE's assessment of its obligations under those circumstances.  (See id.)

Second, Ibis argues that the government's recoupment of BAE's profit and the Army Program Support Cost were not damages or expenses encompassed by Ibis' indemnity obligations because those amounts "were never paid to [Ibis]."  (See Ibis' Brief at 2–3.)  As this Court previously noted, in the event of defective cost or pricing data, the government is authorized to recoup certain amounts from the prime contractor (here, BAE), including the prime contractor's profits and fees.  (June 14 Order at 9 (citing 10 U.S.C. § 2306a(e) and 48 C.F.R. §§ 15.407-1(b)(1), 52.215-1(a)).)  The Specific Indemnity Clause's promise to "indemnify and hold [BAE] harmless to the full extent of any loss, damage, or expense" resulting from Ibis' submission of defective cost or pricing data, would appear to encompass BAE's recouped profits and the Army Program Support Cost.  (See id. at 21–23.)  Footnote continued on the next page:

## III.   ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED THAT**:

1. The parties are **ORDERED** to submit briefing on the following issues and according to the following procedures:

   a. Within seven days of this Order, Plaintiff BAE Systems ("BAE") will submit briefing on two issues: (1) why entry of a monetary judgment in BAE's favor is appropriate or necessary, and (2) assuming the Court grants BAE's request for a monetary judgment, what prejudgment interest should be awarded to BAE. BAE's briefing should include, but is not limited to, an exact calculation of the prejudgment interest BAE believes it is due and the bases for that calculation. BAE's brief is limited to no more than ten pages;

   b. Within seven days of BAE filing the briefing described above, Defendant Ibis Tek ("Ibis") will file a response brief. Ibis' response brief is limited to no more than ten pages;

   c. There will be no reply briefing, nor a hearing on these issues.


Dated:  July 7, 2016                          s/ Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge

---

Third, Ibis argues that the different treatment of attorneys' fees in the Broad and Specific Indemnity Clauses evidences the parties' intent that the attorneys' fees BAE incurs sponsoring Ibis' challenge to the defective pricing determination are not recoverable. (See Ibis' Brief at 3.) The Court has exhaustively addressed the issue of what attorneys' fees are, and are not, part of Ibis' indemnity obligations. (See June 14 Order at 16–20.)